Mathiez v. Day.

MARY L. MATHIEZ

*v.*

OLIVE S. DAY et al.

A conveyance of lands in this state by a husband and wife to the husband's brother-in-law, was sustained against a judgment creditor of the wife on a judgment recovered in another state for her tort, where it appeared that the grantee was entirely ignorant of such judgment, and bought the lands, as he

Mathiez v. Day.

*had been often importuned to do, at the request of the grantors, because of their inability to pay the taxes, assessments and encumbrances on the lands, although the grantee knew nothing about the property, had never seen it, and relied upon the grantor's statements as to the title, value and encumbrances.

Creditor's bill. On rehearing of final decree.

Mr. J. W. Herbert, for complainant.

Mr. B. C. Chetwood, for defendants.

THE CHANCELLOR.

This suit comes before me on a rehearing of the final decree dismissing the bill, made on the advisory opinion of Vice-Chancellor Dodd. The complainant, on the 14th of April, 1879, recovered a judgment for $363.34, including costs, in the city court of Brooklyn, in the state of New York, in a suit brought by her against Mrs. Day. The action appears, from the briefs of counsel, to have been for damages for a tort. On that judgment a suit was brought in the circuit court of Hudson county, in this state, on or about the 7th of January, 1880, and judgment recovered by the plaintiff therein on the 23d of April following, for $415.07, debt and costs. An execution against goods and lands was issued upon that judgment, and returned unsatisfied before the filing of the bill. By deed dated March 28th, 1879 (but not recorded until January 22d, 1880), Mrs. Day, with her husband, conveyed to John C. Spencer, of the city of New York, for the consideration, as expressed in the deed, of $500, a vacant lot of about half an acre, in the township of Union, in Hudson county. At the same time she and her husband conveyed to the same grantee two houses and lots in Brooklyn, and a tract of four acres at New Lots, on Long Island, belonging to her, and also a house and lot, owned by Mr. Day, adjoining the lot in Union township. This suit is brought to subject the first-mentioned property, the lot of half an acre, to the payment of the complainant's judgment, on the ground that the conveyance to Spencer, though made before the recovery

of either of the judgments, was fraudulent as against the com-
plainant.    Spencer was the brother-in-law of Mr. Day.    He
swears that the latter had been, for several years before the pur-
chase, trying to sell the properties to him, and had been trying
to borrow money on them from him, but he had refused these
applications ; that Day came to see him several times during the
ten days preceding the sale, and urged him to buy the proper-
ties, because the Days could not keep any of them by reason of
the encumbrances (mortgages, taxes and municipal assessments)
which were upon them, and were obliged to sell ; that he finally
told Day that he would buy them, and he did so, for about
$2,000, for all of them together, subject to the encumbrances
thereon, and paid the money in cash to Day; that the lot in
question was valued in the transaction at $500, and there were
$300 of assessments on it, and that all the properties were in
fact encumbered.    He swears that the sale was an absolute one,
and that he heard nothing of the suit against Mrs. Day until
some time after the conveyance was made to him, and not until
he was called to testify in the supplementary proceedings in the
suit in this state.    He swears, also, that the only reason he knew
of for the Days selling the properties, was their inability to
keep them because of the encumbrances upon them, and that he
bought the properties with a full intention to keep them for his
own benefit.    It is a noteworthy fact in this connection that
Day sold the house and lot in which he lived and which adjoined
the property in question in this suit, together with the property
of his wife.    The suit was not against him but her alone.    There
obviously was no necessity (and as a practicing lawyer he must
have known it) for selling his property in view of a judgment
against his wife.

It is insisted on the part of the complainant that the fact that
Spencer had seen none of the properties and knew nothing about
them or their value, or the amount of encumbrances or the con-
dition of the title, except from Day's statements, is evidence of
the absence of good faith in the transaction.    But while it ex-
hibits his confidence in Day, his brother-in-law, it is not proof
of fraud.    It is also argued that the price at which the lot was

sold to Spencer is evidence of fraud, inasmuch as it was, as is alleged, worth $1,200. But there is no proof as to what it was worth when the conveyance was made. A single witness, who appears to have been examined in the absence of defendant's counsel, and was not cross-examined, says it was worth, when he testified, about $1,200, but he does not say what it was worth when it was sold to Spencer, more than three years before that time. And the same criticism is to be made on the testimony of the witness (there is but one) who speaks of the value of the other properties. It may be added, also, that there is no proof in the cause as to the assessments on the latter properties. The truth seems to be that the Days, finding themselves unable to hold the properties by reason of the encumbrances upon them, pressed Spencer, as they had done often before, to buy them, and he yielded to their urgency and bought them absolutely and wholly on his own account, and with no knowledge or suspicion of the existence of any other reason (if any other reason there was) on their part for disposing of them or any of them. He may have obtained them at a low price. He undoubtedly, being an unwilling purchaser, thought he was doing so. If he did, and there was no fraud in the matter, he is of course entitled to the benefit of his purchase. The vice-chancellor who heard the cause on the oral testimony of the witnesses was of opinion that there was no proof of fraud in the transaction, and I concur in the opinion.